IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. Case No. 08 CR 55 |
| | ) | |
| | ) | Judge Ronald Guzman |
| DONTAVIS WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO SUPPRESS STATEMENTS
AND REQUEST FOR AN EVIDENTIARY HEARING**

Defendant, DONTAVIS WILLIAMS, by his attorney, THOMAS MORE LEINENWEBER, pursuant to Federal Rule of Criminal Procedure 12(B)(3), 18 U.S.C. §3501, the principles enunciated by the Supreme Court in *Miranda v. Arizona*, 384 U.S. 436 (1966) and its progeny, as well as the Due Process and Self-Incrimination provisions of the Fifth and Sixth Amendments to the Constitution of the United States, and this Court's inherent supervisory powers, respectfully moves this Court for its order suppressing as evidence in this, or any other criminal proceeding, certain statements made by the Defendant to DEA Special Agents Patrick Bagley, Blake Smith and TFO Dave Zdanys, and other unidentified law enforcement agents during custodial interrogations on January 28, 2008.

In support of this Motion, Defendant, through counsel, shows to the Court the following:

1. Defendant has been charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine, pursuant to 21 U.S.C.§ 841(a)(1) and 21 U.S.C. §846.

2. As part of the discovery tendered to counsel, the government has provided reports from the DEA reflecting statements allegedly made by the Defendant.

3. Defendant submits that all of these statements were elicited in response to custodial interrogation.

4. With regard to the statements made in custody, counsel submits that they were obtained in violation of the procedural safeguards established in *Miranda v. Arizona*, 384 U.S. 436 (1966) and its progeny.

5. Because the statements of the Defendant were given prior to his being advised of his rights, counsel submit that the government will not be able to establish that Defendant waived his privilege against self-incrimination in a voluntary, knowing or intelligent fashion as required by the Fifth Amendment.

6. Separate and apart from the prophylactic protection provided by *Miranda*, Defendant also submits that any statements taken from him were obtained from him involuntarily and in violation of his right against self-incrimination and the standards of due process. *See, Blackburn v. Alabama*, 361 U.S. 208 (1960)) and *Spano v. New York*, 360 U.S. 315 (1959).

7. Pursuant to 18 U.S.C. §3501,[1] Defendant requests an evidentiary hearing at which

---

[1]Pursuant to §3501, district courts are directed to determine the issue of voluntariness of a confession or self-incriminating statement out of the presence of the jury, and are further advised as follows:

> [to] take into consideration all of the circumstances surrounding the giving of the confession, including, (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.
>
> The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

the government be required to establish the voluntariness of Defendant's statements by a preponderance of the evidence. *See, e.g., Colorado v. Connelly*, 479 U.S. 157 (1986). (Requiring the government to establish voluntariness by a preponderance of the evidence.)[2] *See, also, Jackson v. Denno*, 378 U.S. 368, 380 (1964) ("A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.")

                           Respectfully submitted,

                           By: s/Thomas More Leinenweber
                                  Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 South Plymouth Court, Suite 1515
Chicago, Illinois 60604
312-663-3003

---

[2]Defendant is aware that under *Connelly*, some sort of overreaching by the government is necessary to make a finding of involuntariness; *i.e.*, mental illness alone is insufficient. *Connelly, supra*. Defendant submits, however, that this Court will indeed be in a position to make such a finding after a hearing in this case. *See, e.g., Blackburn, supra*, (setting forth factors, such as age and mental status, which may be considered in determining voluntariness).