IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08 CR 55 |
| v. | ) |
| | ) |
| DONTAVIS WILLIAMS, et al. | ) The Honorable Ronald Guzman |
| | ) |
| Defendant. | ) |

**MOTION FOR PRODUCTION OF CONFIDENTIAL INFORMANT**

Defendant, DONTAVIS WILLIAMS, by and through his counsel, THOMAS MORE LEINENWEBER, based on the Constitution of the United States, all relevant statutory authority and case law, and moves this Court for an order requiring the government to produce, at a mutually convenient place and time, the government informant used in this investigation for the purpose of service of subpoena and request for pretrial interview. In support of this motion, Defendant, through counsel, would show the Court the following:

1. Government reports tendered to counsel pursuant to pre-trial discovery indicate that at least one government informant was involved in initiating and directly participating in the activities and transactions which make up the allegations set forth in the indictment.

2. In light of the direct participation of the informant in the offenses alleged, his potential testimony is, therefore, relevant and potentially beneficial to the defense, or essential to a fair determination of the cause. Thus, pursuant to the standards enunciated by the United States Supreme Court's opinion in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957), and its progeny, the government cannot refuse to produce the informant, nor cause him to be unavailable to the defense.

3. In that Defendant is unaware of the identity and whereabouts of any informants utilized in this case, it is not, therefore, within the province of Defendant, or his counsel, to locate or secure the presence of the informant for the purposes of service of subpoena and request for pretrial interview.

4. Defendant acknowledges that the Seventh Circuit, in interpreting *Roviaro*, has held that the government has a limited privilege for withholding the identity of an informant. *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). Defendant here is merely requesting that the Court order the government to produce the informant at some point sufficiently in

1

advance of trial for Defendant to prepare his defense, and not that his identity be disclosed immediately.

5. Other post-*Roviaro* Seventh Circuit cases upholding the limited privilege have made the distinction between an informant who acted merely as a "tipster" to government agents versus one who directly participated in the activities or transactions in question. The informant in this instance, however, cannot be said to fall into the former category. That is, this informant did not simply provide government agents with information, which they acted upon without his further involvement. This informant directly participated in most of the relevant activities. See, *United States v. Valles*, 41 F.3d 355, 359 (7th Cir. 1994). (where the Court held that government production of the informant was not required where the informant's only involvement was to set up the initial meeting between the defendant and the agent and attend one other meeting between the two parties); *United States v. Bender*, 5 F.3d at 270. (where the Court held that government production of the informant was not required where the informant was not an active participant but, rather, a mere tipster whose role ended after providing police with the information necessary to obtain a search warrant).

6. Additionally, the affidavit in support of the complaint and indictment herein relies upon information from the informant whose credibility is highly questionable, in the following respects:

    i. The confidential informant never saw defendant, DONTAVIS WILLIAMS, engage in drug distribution, and never worked with defendant, DONTAVIS WILLIAMS, in any drug distribution as alleged in the indictment;

    ii. The confidential informant never appeared in person before Magistrate Ashman, who found probable cause herein;

    iii. The confidential informants in this case are being paid by the Government to act as confidential sources; and

    iv. The government may attempt to introduce evidence of statements made by codefendants herein which may affect the defense in this case.

7. Defendant, DONTAVIS WILLIAMS, submits that this Honorable Court should assess these factors relating to the credibility of the informant's statements that were used as a basis for finding probable cause herein. See *United States v. Mykytiuk*, 402 F.3d 773 (7th Cir. 2005); *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002); *United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000).

8. Defendant, DONTAVIS WILLIAMS, additionally requests that this Court order disclosure of the identity of the confidential informant, disclosure of Giglio material relating to the informant, and should produce the informant for defense interviews. Defendant, DONTAVIS WILLIAMS, submits that he is entitled to disclosure of the identity, and to all communications

between the informant and the government, because he expects that the informant will provide exculpatory material to the charged conduct herein. See *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); see also *United States v. Banks*, 405 F.3d 559 (7th Cir. 2005), and *United States v. Jefferson*, 252 F.3d 937 (7th Cir. 2001).

    9.    Defendant, DONTAVIS WILLIAMS, submits that this Court should order disclosure of material related to the confidential informant herein because a focal point of defendant, DONTAVIS WILLIAMS' case will be the reliability of the confidential informant. This Honorable Court should accordingly order disclosure of the following information as to the confidential informant:

    a) The full identity of any cooperating source against defendant, DONTAVIS WILLIAMS;

    b) Any information regarding any payments, whether money, expense, or otherwise, made to any informant, including but not limited to copies of any pay sheets, payment requests, and vouchers in this or other cases;

    c) Any information regarding monies or expenses and any rewards paid to any informant, or paid pursuant to state authority, in this or other cases;

    d) Any information regarding any payments, whether money, expense, or otherwise, made to the friends or family of any informant in relation to his or her work as a confidential source in this or other cases;

    e) Any information or instructions given to any informant regarding his or her obligation to pay taxes on money provided by the government;

    f) Copies of any written agreements that any informant entered into concerning his or her status and work as a cooperating witness;

    g) Any information calling into question the credibility of any informant and the details of any instances in which any informant in this case has been discovered to have been untruthful or dishonest, including but not limited to cross-examination of the informant, instances in which a warrant based on the statements of the informant was not issued, and other facts that have come to the government's attention regarding the credibility of the informant;

    h) All debriefing reports from the informant;

    i) Any instructions given to the informant regarding entrapment;

    j) All information regarding any expectations that the informant may have at sentencing;

    k) All information regarding any promises of immunity, leniency, or preferential treatment in this or any other case;

l) All information or records of actual or implied threats, such as criminal investigation, prosecution, deportation, or exclusion, made by the government to the informant or the informant's family or friends;

m) All copies of any Presentence Reports or state probation reports regarding any informant;

n) All information regarding any informant prior bad acts, including all records of arrests and convictions, and of activities which law enforcement officials investigated but did not prosecute;

o) All information or records regarding intervention by federal or state law enforcement authorities to state regulatory agencies on behalf of the informant;

p) All information regarding the seizure or threatened seizure of the informant's assets;

q) All information regarding any polygraph examination of the informant, the results of those examinations, and questions asked during all polygraph examinations;

r) All information regarding the mental impairment of any informant;

s) All information regarding narcotic or alcohol use by the informant, including any occasions when law enforcement officers have observed the informant using alcohol or a controlled substance;

t) All statements of the informant, including but not limited to his:

    I. Statements made during interviews by case agents or law enforcement personnel;

    II. Statements made during interviews by any Assistant United States Attorney or an Assistant State's Attorney;

    III. Statements made during pre-trial preparation in the present case.

10.    The Supreme Court's decision in Brady requires the government to furnish the defendant with all favorable evidence relevant to the issue of guilt or punishment. See *Brady v. Maryland*, 373 U.S. 83 (1963).

11.    Evidence impeaching the credibility of a government witness falls under the *Brady* doctrine. See *Giglio v. United States*, 405 U.S. 150, 153-55 (1972); see also *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). *United States v. Bagley*, 473 U.S. 667, 676 (1985).

WHEREFORE, for the foregoing reasons, the Court should order the following:

1) Production of the informant for defense interview and service of subpoena; and

2) Disclosure of information listed above, or otherwise relating to the informants' or codefendants' credibility.

Respectfully submitted,

By: s/Thomas More Leinenweber
Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 South Plymouth Court, Suite 1515
Chicago, Illinois 60604
312-663-3003